O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD PENROSE, | ) | Case No. EDCV 09-01923-OP |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 8.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the relevant medical evidence of record; and
2. Whether the ALJ properly considered Plaintiff's subjective complaints and properly assessed Plaintiff's credibility.

(JS at 3.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

///
///
///

# III.
# DISCUSSION

**A.  The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairment of a status post thoracic burst fracture at T12 without neurologic compromise, mild neck degeneration, and a history of carpal tunnel syndrome. (Administrative Record ("AR") at 10.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work and retained the capacity to lift and carry twenty pounds occasionally, ten pounds frequently; sit for six hours in an eight-hour work day; stand/walk for six hours in an eight-hour work day; with occasional postural limitations, occasional fine manipulative limitations bilaterally, and frequent gross manipulative limitations bilaterally. (Id. at 10-11.) The ALJ concluded that Plaintiff could perform his past relevant work as an outside delivery driver. (Id. at 13.) Thus, the ALJ found that Plaintiff was not disabled. (Id.)

**B.  Remand Is Warranted Due to the ALJ's Failure to Properly Consider the Opinions of Plaintiff's Treating Physicians.**

    **1.  Background.**

Plaintiff contends that the ALJ failed to properly consider and give appropriate weight to the opinions of Plaintiff's treating physicians, Dr. Chen and Dr. Ianacone. (JS at 5, 7.) Plaintiff argues that the ALJ's summary rejection of their opinions constitutes reversible error. (Id. at 6-7.)

    **2.  Applicable Law.**

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747,

3

1  751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on
2  whether it is supported by sufficient medical data and is consistent with other
3  evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating physician's
4  opinion is uncontroverted by another doctor, it may be rejected only for "clear and
5  convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v.
6  Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion
7  is controverted, it may be rejected only if the ALJ makes findings setting forth
8  specific and legitimate reasons that are based on the substantial evidence of record.
9  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at
10 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

11      However, the Ninth Circuit also has held that "[t]he ALJ need not accept the
12 opinion of any physician, including a treating physician, if that opinion is brief,
13 conclusory, and inadequately supported by clinical findings."  Thomas, 278 F.3d at
14 957; see also Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.
15 1992).  A treating or examining physician's opinion based on a plaintiff's own
16 complaints may be disregarded if the plaintiff's complaints have been properly
17 discounted.  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir.
18 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews
19 v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  Additionally, "[w]here the opinion
20 of the claimant's treating physician is contradicted, and the opinion of a
21 nontreating source is based on independent clinical findings that differ from those
22 of the treating physician, the opinion of the nontreating source may itself be
23 substantial evidence; it is then solely the province of the ALJ to resolve the
24 conflict."  Andrews, 53 F.3d at 1041 (citing Magallanes, 881 F.2d at 751); Miller
25 v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).
26 ///

27      **3.    Dr. Chen's Opinion.**
28      On August 15, 2007, Dr. Jennifer Tanya Chen, Plaintiff's treating physician,

4

completed a "Visit Verification Form," in which she indicated that Plaintiff could participate in a modified work program with the following limitations: no twisting; lifting and carrying up to twenty-five pounds; standing for thirty-minute duration, forty-five minutes per hour, two to three total hours; walking for thirty-minute duration, forty-five minutes per hour, one to two total hours; and sitting for thirty-minute duration, forty-five minutes per hour, two to three total hours. (AR at 272.) Dr. Chen further indicated that Plaintiff was "[l]imited in driving." (Id.) Dr. Chen concluded by stating that if the prescribed modified work program was not available, Plaintiff was unable to work through November 2007. (Id.) She termed these limitations to be "Light duty restrictions," adding that "I cannot state h[e] is 100% disable[d] . . . (pt is walking, doing functional tasks, not housebound), but I think he has some limitations due to his chronic pain." (Id. at 269.)

In his decision, the ALJ rejected Dr. Chen's opinions regarding Plaintiff's limitations because they were "inconsistent with light duty." (Id. at 12.) The ALJ also appears to have rejected Dr. Chen's opinion based upon findings of two consultative examiners, whose opinions were contrary to Dr. Chen's opinion. (Id.) Both consultative examiners opined that Plaintiff could perform the light level of work, with only postural limitations. (Id. at 185-88.) Dr. Wong, the first consulting physician, opined that Plaintiff could stand or walk for about six hours in an eight-hour work day and sit for about six hours in an eight-hour work day. (Id. at 181.) Dr. Do, the other consulting physician, did not clarify his light duty finding. (Id. at 187-88.)

While the ALJ seemingly provided specific reasons supported by substantial evidence for rejecting the opinion of Dr. Chen, the Court finds the reasons were not legitimate. As the treating physician, Dr. Chen's opinion is entitled to the greatest weight. Magallanes, 881 F.2d at 751. The consulting physicians relied on the same clinical findings as the treating physician; the only difference was their conclusion. This does not amount to substantial evidence. See Orn v. Astrue, 495

F.3d 625, 632 (9th Cir. 2007) ("When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'"). When, however, an examining physician provides "independent clinical findings that differ from the findings of the treating physician," such findings are "substantial evidence." Id. (citations omitted) (internal quotation marks omitted). Here, both Drs. Wong and Do agreed with the diagnoses provided by Dr. Chen and offered no alternative diagnoses. It also appears that neither doctor conducted any independent objective tests.[3] (AR at 180-88.) Indeed, Dr. Wong's diagnoses of a T12 burst fracture without neurologic compromise, and chronic low back pain (id. at 180), does not differ from the treating physician's diagnosis. Dr. Chen repeatedly diagnosed Plaintiff with an old T12 compression fracture with chronic pain, and repeatedly prescribed significant pain medication, including hydrocodone-acetaminophen and morphine. (See, e.g., id. at 146-50, 155-57, 268-71.) Thus, Dr. Wong's findings "were the same as those of the treating physician. It was his conclusions that differed." Orn, 495 F.3d at 633 (citation omitted). Indeed, Dr. Do simply agreed with the opinions of Dr. Wong without providing a separate diagnosis. (AR at 188.)

     Under the circumstances, neither consulting opinion concerning Plaintiff's ability to work was an "independent finding" and, therefore, these opinions alone cannot constitute substantial evidence upon which the ALJ can rely. See Orn, 495 F.3d at 632 ("Independent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered.") (internal citations omitted). Further, the ALJ's rejection of Dr. Chen's opinion because the specific restrictions were

---

    [3] Indeed, it appears Dr. Do did not even examine Plaintiff. (AR at 187-88.)

"inconsistent" with "light duty" is vague and ambiguous and does not amount to a specific reason supported by substantial evidence. Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) (conclusory reason "does not achieve the level of specificity" required to justify and ALJ's rejection of a treating source's medical opinion). Moreover there is no evidence that Dr. Chen intended the phrase "Light duty restrictions" to mean exactly the same as "light work" as defined by the Administration.

Based on the foregoing, the Court finds that the ALJ committed legal error by failing to provide specific and legitimate reasons, based upon substantial evidence, to reject the opinion of Dr. Chen. On remand, the ALJ should further develop the record as to these issues, especially as they relate to Plaintiff's limitations and RFC, including assessing the effect of Plaintiff's pain medications on his ability to drive.

### 4. Dr. Ianacone's Opinion.

On June 23, 2008, Plaintiff's treating physician, Dr. David Christopher Ianacone, completed a work limitation form entitled, "Medical Opinion Re: Ability To Do Work-Related Activities (Physical)."[4] (AR at 446-48.) Dr. Ianacone concluded that based on Plaintiff's multi-level degenerative disc disease, compression fracture T12 wedge deformity, and multiple hand operations with hypesthesia, Plaintiff could walk or stand for less than two hours in an eight-hour work day, sit for about two hours in an eight-hour work day, would need to alternate sitting or standing and walking every ten minutes, and would need to lie down at unpredictable intervals during the day. (Id. at 446-47.) Dr. Ianacone further noted that Plaintiff's impairments would cause him to be absent from work

---

[4] Although the report was made after the last insured date of June 30, 2007, "reports containing observations made after the period for disability are relevant to assess the claimant's disability." Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988).

7

more than three times a month. (Id. at 448.)

The ALJ rejected Dr. Ianacone's opinion, finding that he did not provide objective evidence to support his findings. (Id. at 13); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected doctor's opinion because they were check-off reports that did not contain any explanation of the bases of their conclusions); Thomas, 278 F.3d at 957. The ALJ's conclusion that Dr. Ianacone's report is not supported by objective medical evidence is insufficient, as it does not reach the level of specificity required in order to reject the opinion of a treating physician. Embrey, 849 F.2d at 421-22 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the [treating] doctors', are correct.") (footnote omitted).

Moreover, the ALJ's assertions concerning the lack of objective medical evidence to support Dr. Ianacone's opinion is not entirely accurate. It is improper to reject a treating physician's opinion where he provided at least some objective observations and testing in addition to subjective opinions. See id. at 421; see also 20 C.F.R. § 404.1527 (the proper weight that an ALJ should give to a treating physician's opinion depends on whether sufficient data supports the opinion and whether the opinion comports with other evidence in the record); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (when the treating physician diagnosed the claimant with depression, set forth clinical observations supporting the diagnosis, and prescribed psychotherapeutic drugs, the ALJ erred in finding that the claimant had not set forth sufficient evidence to substantiate the mental impairment).

Here, Dr. Ianacone explained that his opinion was based on MRI and x-ray

results. (AR at 447.) He noted that Plaintiff suffered from multi-level degenerative disc disease, compression fracture T12 wedge deformity, and multiple hand operations with hypesthesia. (Id.) Further, from at least October 2007 through August 2008, Plaintiff was consistently treated by Dr. Ianacone, as evidenced by the progress notes contained in the record. (See, e.g., id. at 298, 312-14, 328, 395-97, 408-09, 431-32, 444, 487.) During this time, Dr. Ianacone repeatedly diagnosed Plaintiff with low back pain, chronic; lumbar radiculopathy; thoracic fracture, traumatic, compression; degeneration of cervical intervertebral disc; and carpal tunnel syndrome; and he prescribed various pain medications. (Id.) Indeed, on June 25, 2008 – two days after completing the work restriction form – Dr. Ianacone noted that Plaintiff's back pain seemed to be significant and that an MRI showed L4-L5 diffuse disc bulge with other pathology. (Id. at 328.)

Based on the foregoing, the Court finds that the ALJ's reason for rejecting Dr. Ianacone's opinion was insufficient. Accordingly, remand is required for the ALJ to set forth legally sufficient reasons for rejecting Dr. Ianacone's opinion, if the ALJ again determines that rejection is warranted.[5]

**C. The ALJ Erred in Rejecting Plaintiff's Subjective Complaints and Plaintiff's Credibility.**

Plaintiff also contends that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective pain complaints. (JS at 18.) Plaintiff argues that the ALJ failed to specify which allegations of pain and other symptoms he found not credible. (Id. at 17.) Plaintiff also claims that the ALJ failed to consider the factors in Social Security Ruling ("SSR") 96-7p in rejecting his subjective symptoms. (Id.)

**1. Applicable Law.**

An ALJ's assessment of pain severity and claimant credibility is entitled to

---

[5] The Court expresses no view on the merits.

9

"great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986), as amended. When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284.

SSR 96-7p[6] further provides factors that may be considered to determine a claimant's credibility such as: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

**2.    Analysis.**

Here, the ALJ discredited Plaintiff's subjective symptoms of pain for the following reasons: (1) Plaintiff's allegations were unsupported by the objective medical evidence, as evidenced by the normal neurological examinations and lack of evidence of nerve encroachment from compression or nerve problems from neck degeneration; and (2) Plaintiff's daily activities were inconsistent with his allegations of pain. (AR at 11-12.)

First, the ALJ based his adverse credibility finding on the lack of support in the objective medical record. (Id. at 11-12.) The ALJ stated:

> I find that the severity alleged by the claimant regarding his complaints of disabling pain and limitation is not fully supported in light of the evidence of record which contains normal neurological examinations. The claimant's compression fracture should have healed

---

[6] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

> by now, and there is no objective evidence that it has not other than subjective complaints. The claimant is not a surgical candidate, and his own treating physician at Exhibit 7F, p. 11, says he retains the capacity for light duty. The claimant had repeatedly tried to get his doctor to say he is disabled, and his doctor would not do it until recently, and it might not even be the same doctor. The claimant had no neck complaints despite MRI. Although the claimant states his pain is constant, there is no objective basis for such constant pain, and no evidence of nerve encroachment from compression, as well as no evidence of nerve problem from neck degeneration. The claimant's pain is way out of proportion to objective findings.

(Id. at 12 (citations omitted).)

Preliminarily, the ALJ is not permitted to disregard Plaintiff's testimony of pain solely because the degree of pain alleged by Plaintiff was not supported by objective medical evidence. See Bunnell, 947 F.2d at 346-47. Further, the record does not support the ALJ's contention that Plaintiff's pain testimony is not supported by objective medical evidence.

Plaintiff testified that he is in chronic pain. At the administrative hearing, Plaintiff testified, among other things, that he could not stand or sit in one position too long, must lie down every day because he becomes tired and his back gets sore, his legs become numb and begin to tingle, and he could only drive for about fifteen minutes before his legs begin tingling. (AR at 20-22, 26-27.) He also takes pain medication daily, including morphine and vicodin, which makes him "spacey," sick, and tired. (Id. at 23-25.) Based on review of the record, Plaintiff provided sufficient medical evidence of an underlying impairment that was reasonably likely to cause the symptoms he described.

The record is replete with objective clinical findings which support and confirm Plaintiff's allegations of severe and chronic pain. (See, e.g., id. at 147

Case 5:09-cv-01923-OP   Document 16   Filed 08/04/10   Page 13 of 18   Page ID #:584

(diagnosed with fx thoracic, traumatic, compression), 152 (moderately limited in all trunk movements, with extension severely limited; flexibility and mobility decreased; severe tightness of lower traps; and fractured vertebra), 156 (diagnosed with old compressive changes of the T12 vertebral body and mild degenerative changes), 158 (slight compressive changes of the superior end-plate of the T12 vertebral body and tender cervico-thoracic junction), 159 (noted chronic nature of back recovery), 161 (diagnosed with fractured vertebra, with impaired joint mobility, motor function, and muscle performance), 166 (recommended limited activities), 167-68 (x-ray showed slight more compression than previously and advised to continue wearing back brace), 176 (Plaintiff placed in back brace), 177 (slight compressive changes of the superior end-plate of the T12 vertebral body), 178 (anterior compression fracture of the T12 vertebral body), 262 (old compressive changes of the T12 vertebral body), 269 (Dr. Chen noting that she believes Plaintiff has some limitations because of his chronic pain), 276 (pain disorder and chronic pain), 292 (teaching guided relaxation techniques for pain), 298 (two frozen fingers on each hand and medications having significant cognitive and sedating effects), 299 (carpal tunnel syndrome), 301 (multi-level degenerative disc disease, diffuse disc bulge, left lateral annular tear with associated small superior migration of the disc extrusion), 313 (thoracic fracture, chronic low back pain, lumbar radiculopathy), 325 (multi-level degenerative disc disease), 388 (foot numbness and lower back pain may be caused by L5-S1 listhesis and thoracic pain from the T12 fracture), 391 (moderate degenerative disc disease, decreased disc space at multiple levels, and neuroforaminal encroachment), 431 (chronic low back pain, lumbar radiculopathy, thoracic fracture, and degeneration of cervical intervertebral disc), 478 (MRI showing minimal disc bulging).) Further, as noted above, Dr. Chen, Plaintiff's treating physician, concluded that Plaintiff had serious work limitations: Plaintiff could lift and carry up to twenty-five pounds; no twisting; standing for thirty-minute duration, forty-five minutes per hour, for a total

of two to three hours; walking for thirty-minute duration, forty-five minutes per hour, for a total of one to two hours; sitting for thirty-minute duration, forty-five minutes per hour, for a total of two to three hours; and limited driving.  (Id. at 272.)  Dr. Chen also noted that if this modified program was not available, Plaintiff was unable to work.  (Id.)

   Moreover, Plaintiff has consistently complained of back pain and tingling in his legs.  (See, e.g., id. at 146 (complaints in difficulty sitting and standing for long periods), 151 (constant, dull, sharp, stabbing, and throbbing pain and impaired sensation in legs), 155 (constant pain in thoracic region and lower lumbar region), 158 (pain in upper, mid, and lower back; occasional tingling and numbness in legs), 160 (back pain), 161 (intermittent tingling), 164 (tingling in the feet), 177 (tingling in the feet), 268 (chronic back pain; intermittent numbness in legs; Plaintiff gets sleepy from taking morphine), 306 (back pain), 387 (numbness and tingling), 404 (constant pain in back, which worsens with prolonged sitting or standing; numbness and tingling), 420 (symptoms getting worse), 442 (pain getting worse).)

   In short, there was no positive evidence that Plaintiff was not suffering as much pain as he claimed.  As such, the ALJ erred to the extent he rejected Plaintiff's credibility based upon a lack of objective findings to support the alleged severity of Plaintiff's pain allegations.  See Bunnell, 947 F.2d at 345 ("[O]nce the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); Smolen, 80 F.3d at 1282 ("the claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof."); SSR 96-7p ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical

1 evidence.").

2   Second, the ALJ rejected Plaintiff's credibility because Plaintiff's daily
3 activities were inconsistent with his pain allegations. (See AR at 12.) The ALJ
4 noted that Plaintiff could perform light household chores, including making the
5 bed, doing the dishes, driving a car, watching television, and sometimes going
6 shopping. (Id.) The ALJ's statements are not supported by a review of the entire
7 record. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("[A]
8 reviewing court must consider the entire record as a whole and may not affirm
9 simply by isolating a specific quantum of supporting evidence.") (internal
10 quotation marks and citation omitted).

11   For example, although Plaintiff admitted he could watch television, put the
12 dishes in the dishwasher, make the bed, and dust, the ALJ did not address
13 Plaintiff's statements that he needed to lie down every day, could only drive for
14 fifteen minutes before his legs began tingling and/or became numb, had trouble
15 standing, needed numerous breaks, and had trouble sitting for long periods of time.
16 (See AR at 20-22, 27, 33-37, 113, 115, 141.) The ALJ erred in selectively relying
17 on the record to support his rejection of Plaintiff's pain testimony. See Reddick v.
18 Chater, 157 F.3d 715, 722-23 (9th Cir. 1998) ("In essence, the ALJ developed his
19 evidentiary basis by not fully accounting for the context of materials or all parts of
20 the testimony and reports. His paraphrasing of record material is not entirely
21 accurate regarding the content or tone of the record."); Gallant, 753 F.2d at 1456
22 ("Although it is within the power of the [ALJ] to make findings concerning the
23 credibility of a witness and to weigh conflicting evidence, he cannot reach a
24 conclusion first, and then attempt to justify it by ignoring competent evidence in
25 the record that suggests an opposite result.") (citations omitted).

26   Moreover, even if Plaintiff can do "light household chores," the ALJ failed
27 to establish how Plaintiff's statements that he can perform some simple, non-
28 stressful activities of daily living translate into an ability to work. See Gonzalez v.

Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (ALJ errs in failing to make a finding to the effect that ability to perform daily activities translated into the ability to perform appropriate work); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (disability claimant need not "vegetate in dark room" in order to be deemed eligible for benefits). Daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting[.]" Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (stating that adverse credibility finding based on activities may be proper "if a claimant engages in numerous daily activities involving skills that could be transferred to the workplace"). "The ALJ must make specific findings relating to the daily activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination" Orn, 495 F.3d at 639 (internal quotation marks, brackets and citation omitted).

"Here, there is neither evidence to support that [Plaintiff's] activities were transferable to a work setting nor proof that [Plaintiff] spent a substantial part of his day engaged in transferable skills." Id. (internal quotation marks omitted); see also Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); Reddick, 157 F.3d at 722 (only if a claimant's level of activity is inconsistent with his alleged limitations will these activities have any bearing on his credibility); Smolen, 80 F.3d at 1284 n.7 (noting that although the ALJ can rely on a plaintiff's substantial daily activities to discredit plaintiff's testimony regarding his inability to work, "this line of reasoning has its limits[;] . . . [t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits"); Fair,

885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Accordingly, the ALJ's conclusion regarding Plaintiff's daily activities is not supported by substantial evidence.

Based on the foregoing, the Court finds that the ALJ did not provide clear and convincing reasons for his adverse credibility determination. Accordingly, remand is required for the ALJ to set forth clear and convincing reasons for rejecting Plaintiff's subjective pain complaints, if the ALJ again determines that rejection is warranted.

**D. This Case Should Be Remanded for Further Administrative Proceedings.**

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court concludes that this is an instance where further administrative proceedings would serve a useful purpose and remedy administrative defects.

/ / /
/ / /
/ / /

**IV.**
**ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: August 4, 2010

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge